HERBERT GRAY v. STATE.

173 So. 679.
Opinion Filed March 24, 1937.
Rehearing Denied April 22, 1937.

*Thomas B. Dowda,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *John L. Graham,* Assistant Attorneys General, for the State.

BUFORD, J.—This case is before us on motion to quash the writ of error. The record shows that the writ of error was taken on September 23, 1936. The writ of error does not show upon its face the date of the judgment to which same is taken. The praecipe for writ of error describes

the judgment as "the final judgment entered therein on the 25th day of March, 1936, and entered in minutes of the Circuit Court Book 10 at pages 77 and 78."

The record shows that judgment was entered on verdict of a jury on the 14th day of October, 1933, in the following language:

"Thereupon on the 14th day of October, A. D. 1933, judgment upon said verdict was entered by the Court in the words and figures following, to-wit: Therefore, upon the finding of the issue for the State of Florida as aforesaid the court doth adjudge the defendant, Herbert Gray, to be the father of the bastard child of said Blanche McCain mentioned in the pleadings in this case and it is considered by the Court that the State of Florida do have and recover of and from the said Herbert Gray Fifty Dollars annually for a period of ten years payable on the first day of November, A. D. 1933, and on the first day of November of each and every year thereafter for the said ten-year period. Said payments to be paid into the Registry of said Court to be used for and toward the support, maintenance and education of said minor child of said Blanche McCain. The said installments to be paid over by the Clerk of this Court to the said Blanche McCain, the mother of said child or to its legal guardian in case one is duly appointed as provided by law; and it is further considered, ordered and adjudged that the State of Florida do have and recover of and from the said Herbert Gray the sum of Thirty-five dollars for the necessary incidental expenses attending the birth of said minor child of the said Blanche BcCain to be forthwith paid into the registry of the Court and to be disbursed by the Clerk of this Court to the said Blanche McCain, the mother of said child.

"It is further ordered and adjudged that the said Herbert

·Gray shall give bond with good and sufficient security to be approved by said Court for the due and faithful payments of said installments of Fifty Dollars, each payable on November 1st, of this year and each year hereafter for the full period of ten years, payable to the said Blanche McCain, the prosecutrix, and said bond is hereby declared to have the same force, validity and effect as a judgment of this Court and execution may issue as often as said installments shall become due and payable.

"It is further ordered, adjudged and decreed that the said defendant, Herbert Gray, do pay all costs of this suit taxed at 33.30 Dollars for which let execution issue.

"It is further ordered that in case of failure or refusal of the Defendant, Herbert Gray, to comply with the judgment of this Court, the term of imprisonment he shall be required to serve is hereby specified and fixed at a period of six months."

Motion for new trial was overruled by order entered on the 22nd day of January, 1934. Then on March 25th, 1936, the following judgment was entered:

"It appearing to the court that during the Fall Term of said court A. D. 1933, the said Herbert Gray was adjudged to be the father of the bastard child of one Blanche McCain, said judgment appearing of record in Circuit Court Minute Book 9, on pages 142 and 143, the same being as follows to-wit: Therefore, upon the finding of the issue for the State of Florida as aforesaid the Court doth adjudge the Defendant Herbert Gray to be the father of the bastard child of said Blanche McCain mentioned in the pleadings in this case and it is considered by the Court that the State of Florida do have and recover of and from the said Herbert Gray Fifty Dollars annually for a period of ten years payable on the first day of November, A. D. 1933, and on

the first day of November of each and every year thereafter for the said ten-year period. Said payments to be paid into the Registry of said Court to be used for and toward the support, maintenance and education of said minor child of said Blanche McCain. The said installments to be paid over by the Clerk of this Court to the said Blanche McCain, the mother of said child or to its legal guardian in case one is duly appointed as provided by law; and it is further considered, ordered and adjudged that the State of Florida do have and recover of and from the said Herbert Gray the sum of Thirty-five dollars for the necessary incidental expenses attending the birth of said child of said Blanche McCain to be forthwith paid into the registry of the Court and to be disbursed by the Clerk of this Court to the said Blanche McCain, the mother of said child.

"It is further ordered and adjudged that the said Herbert Gray shall give bond with good and sufficient security to be approved by said Court for the due and faithful payments of said installments of Fifty Dollars, each payable on November 1st of this year and each year hereafter for the full period of ten years, payable to the said Blanche McCain, the prosecutrix, and said bond is hereby declared to have the same force, validity and effect as a Judgment of this Court and execution may issue as often as said installments shall become due and payable.

"It is further ordered, adjudged and decreed that said Defendant, Herbert Gray, do pay all costs of this suit taxes at_____Dollars for which let execution issue.

"It is further ordered that in case of failure or refusal of the Defendant, Herbert Gray, to comply with the judgment of this Court, the term of imprisonment he shall be

required to serve is hereby specified and fixed at a period of six months.

"And it further appearing to the Judge of said Court that through inadvertence when said judgment was entered, the court failed to state in said judgment, the place of imprisonment for failure or refusal of the defendant to comply with the terms and conditions of said judgment as required in statute and the court being fully advised in the premises:

"It is thereupon considered and adjudged that said judgment be and the same is hereby amended to read as follows: Therefore, upon the finding of the issue for the State of Florida as aforesaid the Court doth adjudge the Defendant, Herbert Gray, to be the father of the bastard child of said Blanche McCain mentioned in the pleadings in this case and it is considered by the Court that the State of Florida do have and recover of and from the said Herbert Gray Fifty Dollars annually for a period of ten years payable on the first day of November, A. D. 1933, and on the first day of November of each and every year thereafter for the said ten-year period. Said payments to be paid into the Registry of said Court to be used for and toward the support, maintenance and education of said minor child of said Blanche McCain. The said installments to be paid over by the Clerk of this Court to the said Blanche McCain, the mother of said child or to its legal guardian in case one is appointed as provided by law; and it is further considered, ordered and adjudged that the State of Florida do have and recover of and from the said Herbert Gray the sum of Thirty-five dollars for the necessary incidental expenses attending the birth of said child of said Blanche McCain to be forthwith paid into the registry of the Court and to

be disbursed by the Clerk of this Court to the said Blanche McCain, the mother of said child.

"It is further ordered and adjudged that the said Herbert Gray shall give bond with good and sufficient security to be approved by said Court for the due and faithful payments of said installments of Fifty Dollars, each payable on November 1st, of this year and each year hereafter for the full period of ten years, payable to the said Blanche McCain, the prosecutrix, and said Bond is hereby declared to have the same force, validity and effect as a judgment of this Court and execution may issue as often as said installments shall become due and payable. It is further ordered, adjudged and decreed that the said defendant, Herbert Gray, do pay all costs of this suit taxed at 33.30 Dollars for which let execution issue.

"It is further ordered that in case of failure or refusal of the defendant, Herbert Gray, to comply with the judgment of this Court, the term of imprisonment he shall be required to serve is hereby specified and fixed at a period of six months in the County Jail of Putnam County, Florida.

"And it is considered, ordered and adjudged that upon failure or refusal of the defendant to comply with this said Judgment that he be imprisoned in the County Jail of Putnam County, Florida, for and during a period of six months."

So the writ of error is to the judgment last above set forth.

Section 3960 R. G. S., 5879 C. G. L., provides as follows:

"In all cases of bastardy in any of the courts of this State, in which the issue shall be found against the defendant or reputed father, and judgment is rendered

against him, the court shall in such judgment specify a certain time for which he shall be imprisoned in case of failure or refusal to comply with such judgment; but in no case shall such term of imprisonment be for a longer period than one year."

Section 5004 R. G. S., 7103 C. G. L., provides as follows:

"Whenever punishment by imprisonment is prescribed, and the said imprisonment is not expressly directed to be in the State Prison, it shall be taken and held to be imprisonment in the county jail, and whenever the punishment is prescribed to be fine or imprisonment (whether in the State Prison or county jail), in the alternative, the court may, in its discretion, proceed to punish by both fine and such imprisonment."

It, therefore, appears that the judgment entered on the 14th day of October, 1933, was on its face a valid and sufficient judgment. The statute is sufficient to supply the omission in the judgment of the designation in the judgment of place where the imprisonment is to be served. Therefore, it follows that at the end of the term of the Court at which the trial occurred and judgment was entered, the court lost jurisdiction of the cause and did not have authority to enter the judgment purported to have been entered on the 5th day of March, 1936. The Court being without jurisdiction in that regard, the judgment of March 25, 1936, was void and of no effect. The time having expired in which writ of error could be had to review the judgment of the 14th day of October, 1933, which judgment was valid upon its face and has not been reversed, that judgment stands as the final and effective judgment of the Circuit Court in this case. There being no valid judgment to which the writ of error is addressed, such judg-

ment must be reversed, which will leave the original judgment standing as the final and valid judgment.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur. .